## WILLIAM E. GLOVER'S EX'R *v.* MYER & HAY.

[Abstract Kentucky Law Reporter, Vol. 2—68.
Reported in full, 3 Ky. L. 181.]

**Liability of Subscriber for Railroad Stock.**

A subscriber for stock in a railroad company is released from his subscription by a subsequent alteration of the organization of the company when such alteration is fundamental and not contemplated by the charter or the general law; but his liability remains if the alteration or amendment is accepted by the subscriber, and his acceptance may be either by express action or by his acquiescence. Especially is this true in a contest between a creditor of the company, after the subscription is made, and the subscriber for stock.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 16, 1880.

OPINION BY JUDGE HINES:

In 1867 the Elizabethtown & Paducah R. Co. was chartered and authorized to construct a railroad from Elizabethtown to Paducah. To the capital stock of this company appellant made an unconditional subscription of $2,500, on which he paid two calls. Subsequent to this, in March, 1868, the charter was amended, and among other things the company was authorized to build branch roads. In 1873 the charter was again amended, and the name of the company changed to the Louisville, Paducah & Southwestern R. Co. Under the amendment of 1868 the company constructed a branch road from Cecilia to Louisville. Appellees were contractors in the building of this branch, and having obtained judgment against the company and had execution returned no property found, they instituted

this proceeding in equity to subject the unpaid portion of the subscription made by appellant's testator.

Without alleging fraud or mistake appellant seeks to escape liability on the ground that certain conditions were attached to the subscription, and upon the further ground that he was released by the amendments to the charter which undertook to change his contract with the Elizabethtown & P. R. Co., and which amendment he alleges he did not accept. The allegations of appellant's answer is that the amendment of 1868 was obtained without his consent, and that when the company accepted it he refused to pay any more on his subscription. There is no charge that appellant did anything more to manifest his disapproval of the amendments than stated until the filing of the answer in this case in 1878.

It may be conceded that a subscriber for stock is released from his subscription by a subsequent alteration of the organization of the company, when such alteration is fundamental and not contemplated by the charter or by the general law. But whatever the alternation may be, the liability for the subscription remains if the amendment effecting the alteration is accepted by the subscriber to the stock, and that acceptance may be manifested by acquiescence as well as by express acceptance. Especially is this true in a contest between one who becomes a creditor of the company, subsequent to the subscription, and the subscriber for stock. When the amendment, as in this case, is accepted by the majority of the stockholders, and the company proceeds to act under it, good faith to the company as well as to those dealing with it requires that the nonassenting stockholder should make known his nonacceptance of the amendment in an unequivocal and public manner.

In this instance it is not charged that notice was given in any way to the public of the nonacceptance, nor in fact to the company. The only charge in the answer from which an implied notice to the company could be inferred is that, after the amendment, appellant refused to pay his subscription. Under these circumstances those dealing with the company had a right to presume an acceptance of the amendment on the part of the stockholders, and to look to the unpaid subscriptions as a fund out of which their claims were to be satisfied. This is unlike a case where there is no acceptance of an amendment to a charter by the company itself through its corporate organization. Before an amendment is binding upon the company in its corporate capacity there must be either a formal acceptance or

conduct under the amendment by which the acceptance of the company is made manifest; but where the company, as such, formally accepts an amendment and acts under it, the presumption is that the stockholders individually approve and accept the amendment.

Judgment *affirmed.*

Judge Cofer not sitting.

*John Roberts, for appellant.*

*D. W. Sanders, D. M. Rodman, for appellees.*